IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYDNEY ROMANELLI,

Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant.

CV-05-0001-MA

OPINION AND ORDER

---

ALAN STUART GRAF
1020 SW Taylor Street, Suite 230
Portland, OR 97205

Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
District of Oregon

NEIL EVANS

Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

L. JAMALA EDWARDS
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

Attorneys for Defendant

MARSH, Judge:

**BACKGROUND**

Plaintiff, Sydney Romanelli (Romanelli), brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). 42 U.S.C. § 1383(c)(3). This court has jurisdiction under 42 U.S.C. § 405(g).

Romanelli filed for DIB on January 14, 2002, alleging disability beginning June 30, 1998, (later amended to February 1, 2001), due to fibromyalgia. She has a high school education, and past work experience as a telecommunications supervisor for AT&T. She was 52 years old on June 19, 2004, when the Administrative Law Judge (ALJ) determined that she was not disabled.

On appeal to this court, Romanelli claims the ALJ erred by: (1) failing to provide legally sufficient reasons to discredit her testimony; (2) failing to provide legally sufficient reasons to reject the opinions of David Powley, D.O., and Charlotte Higgins-Lee, Ph.D.; and, (3) failing to give any reason whatever for rejecting the opinion of a lay witness. For the reasons that follow, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The

claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1512. Each step is potentially dispositive.

Here, at step one, the ALJ found Romanelli had not engaged in substantial gainful activity since her alleged disability onset date. See 20 C.F.R. § 404.1520(b).

At step two, the ALJ found that Romanelli had the following severe impairments, as defined by the regulations: depression and fibromyalgia. See 20 C.F.R. § 404.1520(c).

At step three, the ALJ found that Romanelli's impairments did not meet or equal the requirements of a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed Romanelli with the residual functional capacity (RFC) to perform light work the with following limitations: limited detailed instructions; no prolonged walking or standing; and, the option to change positions as needed. See 20 C.F.R. §§ 404.1520(e), 404.1545.

At step four, the ALJ found that Romanelli was no longer capable of performing her past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

At step five, however, the ALJ determined that Romanelli could perform other work existing in significant numbers in the national economy, such as appointment scheduler, data examination clerk, and sorter. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

### I. The ALJ properly discredited Romanelli's testimony.

Romanelli contends the ALJ failed to give legally sufficient reasons to find her testimony less than fully credible. The ALJ is not required to credit every allegation of disabling pain or else disability benefits would be available on demand. See Fair v. Bowen, 885 F.2d 597, 603 (9th

Cir. 1989). However, if the ALJ determines that a claimant is not credible, he must give specific reasons, supported by substantial evidence in the record, indicating that he has not arbitrarily discredited a claimant's testimony. See Thomas v. Barnhart, 278 F. 3d 947, 958-59 (9th Cir. 2002).

In assessing a claimant's credibility, the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, the ALJ listed numerous reasons for discounting Romanelli's reports, including her activities of daily living, objective medical evidence, a history of conservative treatment, and inconsistent lay witness testimony.

Regarding her daily activities, the ALJ found them to be inconsistent with the degree of symptoms and limitations she alleged. According to Romanelli she could only stand for 15 minutes at a time, and sit for 20 minutes, before the "onset of pain too severe to bear." Yet, she regularly exercised by doing Tae Bo and Yoga, walked two or three times per week for 35 minutes at a time, gardened for up to one and a half hours per week, crocheted for one or two hours per week, participated in social activities, and kept her household running by paying bills,

grocery shopping on a bi-weekly basis, and cooking and cleaning. In addition, following her alleged disability onset Romanelli took a trip to Europe with her sister.

Romanelli argues that the ALJ was wrong to discredit her because she exercised, particularly since her doctors recommended that she do so. However, Romanelli was prescribed light exercise, not Tae Bo, which is a rigorous boxing-style of aerobics. Thus, it was reasonable for the ALJ to conclude that performing Tae Bo is not consistent with being unable to stand for more than 15 minutes due to constant fatigue and pain.

Though he testified that Romanelli has days where she can barely function, her husband described her as having greater functional abilities and activities than her subjective reports indicate. He estimated that she could be active for three hours before needing to rest, that she could sit for two out of eight hours, that she worked on the computer for 30 to 45 minutes at a time, watched television for two to three hours per day, did "walkercize," played cards, did needlework, read books, and did some yard work. Therapist notes also indicated that Romanelli waited on her ailing husband "hand and foot" and that her "workload at home has doubled" since quitting her job in 1998.

Romanelli argues that the ALJ "picked what he wanted out of Mr. Romanelli's testimony and left out the parts that did not support his ultimate conclusion...". Specifically, Romanelli points out that on a third-party disability worksheet her husband indicated that she rests up to eight times a day, after each activity. While the ALJ did not specifically note these rest periods, he did note that Mr. Romanelli testified that there were days when his wife could barely function. Further, it was reasonable for the ALJ to find that the activity level Mr. Romanelli

described was inconsistent with Romanelli's contention that she is in constant disabling pain, and that she cannot stand for more than 15 minutes at a time.

The ALJ also determined that the objective medical evidence did not support the degree of disability alleged by Romanelli. To the contrary, he found her conservative treatment choices, and abuse of painkillers further undermined her credibility. In fact, Romanelli did not seek treatment for her alleged fibromyalgia pain until February 28, 2002, almost four years after she initially claimed she was disabled by fibromyalgia. On that date, she announced her plan to obtain disability benefits to Dr. Powley. He recommended that Romanelli be evaluated by a rheumatologist at OHSU in order to confirm a diagnosis of fibromyalgia, and for treatment recommendations.

In November, 2002, a rheumatologist confirmed that Romanelli met the criteria for a diagnosis of fibromyalgia, for which she prescribed exercise and occupational therapy, and recommended sleep medication and antidepressants. However, Romanelli did not comply with these treatment recommendations. At the hearing she testified that she did not attend physical therapy because she believed the facilities in Florence to be inadequate, and she couldn't afford to drive to Portland instead. No evidence in the record substantiates her claim that physical therapy for fibromyalgia cannot be obtained in the town of Florence. Yet, even if it did, the regulations do not excuse a claimant's failure to follow prescribed treatment based on her "choice" not to travel to where this treatment is administered. See 20 C.F.R. § 404.1530. Romanelli also told the rheumatologist that she didn't want to take sleep medication because it would prevent her from taking care of her ailing husband during the night, implying that her medical condition was not the cause of her sleeping trouble.

The ALJ also noted that Romanelli reported marked improvement in her symptoms and sleep, beginning in early 2003, with only a short "flare-up" coinciding with moving into a new town home. For this she requested a "handful" of Vicodin to get her through the move, and rejected the rheumatologist's suggestion of "trigger point" injections.

For all these reasons, I find the ALJ reasonably concluded that Romanelli's fibromyalgia was not causing as much pain as she claimed. The ALJ also surmised that a diagnosis of fibromyalgia would also "ensure a ready supply of narcotics" from Dr. Powley, who had already confronted Romanelli about her excessive use of pain medications and self-medicating tendencies, five months earlier. Romanelli argues she was not fishing for a diagnosis to feed her narcotic habit. However, given the timing and nature of her complaints, the numerous references in the record to her misuse of medications, and her choice not to pursue other treatment modalities, this inference was reasonable.

In sum, I find the ALJ's reasons for finding Romanelli less than fully credible were clear and convincing.

## II. The ALJ provided legally sufficient reasons to discredit the medical opinions of David Powley, D.O., and Charlotte Higgins-Lee, Ph.D.

The relative weight afforded the opinion of a physician depends upon his or her opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must provide "clear and convincing reasons," supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician when it is not contradicted by another doctor, and "specific and legitimate" reasons when it is. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600-601 (9th Cir. 1999).

### A. Dr. Powley

Romanelli contends the ALJ wrongly rejected Dr. Powley's October 11, 2002, opinion that Romanelli would have to rest about one hour after every two hours of work. However, the "opinion" Romanelli refers to is actually a check-the-box questionnaire provided to Dr. Powley by Romanelli's attorney. It consists of multiple paragraphs of Romanelli's subjective reports, followed by questions such as, "Are your patient's reports detailed above consistent with their medical diagnosed condition?" and, "Are your patient's reports credible?". The paragraph in question states that Romanelli "reports that after two hours of light or sedentary activity she must rest for on average one hour [sic]." Dr. Powley checked the "yes" boxes under this paragraph, indicating that he found Romanelli's claim consistent with her diagnosed condition and credible.

The ALJ concluded that this form "basically asked the doctor to confirm whether or not the claimant had made the complaints described. It does not ask the doctor for his diagnosis or his evaluation of what the claimant is capable of performing. It does not give the doctor any space to provide that information or any suggestion that the physician's opinion is desired." For these reasons the ALJ rejected Dr. Powley's opinion that Romanelli's "complaints are reasonable and credible."

Romanelli argues that the form did, in fact, ask the physician for his diagnosis and explanations, and to cross out complaints he disagreed with. She argues that since Dr. Powley crossed out "occasional sinus infection" as one of Romanelli's claimed diagnoses, and indicated that Romanelli could lift more than her report indicated, he felt free to give his opinion. Nevertheless, Dr. Powley did not provide any explanation under the paragraph containing Romanelli's statement that she would need to rest for an hour after every two hours of work- the opinion at issue here. While Dr. Powley may have found Romanelli's subjective complaints to

be reliable, the ALJ, who was privy to the entire record, did not. I find this to be a reasonable resolution of conflicting credibility evidence, and not a wrongly rejected medical opinion.

Romanelli argues that the ALJ also erred by failing to mention an August 18, 2004, statement by Dr. Powley, indicating that Romanelli has several bad days per month due to fibromyalgia. This statement, like the lay witness statement of Sally Millard, discussed below, was not in the record at the time the ALJ issued his final decision. Thus, the ALJ could not have addressed it.

**B. Dr. Higgins-Lee**

Romanelli contends the ALJ wrongly rejected Dr. Higgins-Lee's April 27, 2004, opinion that "on a weekly or monthly basis, [Romanelli] would find it difficult to function in a work-like situation because of psychological conditions (on-going moderate depression)." Instead of crediting this opinion, according to Romanelli, the ALJ misinterpreted a passage in Dr. Higgins-Lee's letter, concluding that Dr. Higgins-Lee thought that Romanelli should only work part time in order to accommodate her responsibilities at home. The ALJ wrote:

> Dr. Higgins-Lee suggested that Ms. Romanelli had the ability to function at low stress, unskilled, sedentary work, six hours a day, five days a week with the usual morning and afternoon break and lunch hour...Dr. Higgins-Lee's opinion could be read that in addition to her multiple responsibility [sic] on her energy resources she could work at least a part time job. The regulations do not provide for limiting work hours based on home responsibilities.

However, as Romanelli points out, Dr. Higgins-Lee actually wrote:

> *Following the receipt of the HIPAA release form with your letter, I can discuss* Ms. Romanelli's ability to function at low stress, unskilled, sedentary work, six hours per day, five days per week with the usual AM & PM break and lunch hour.

(my emphasis). She then went on to state:

> When she has difficulties with memory and/or concentration, she decompensates and cannot function in an activity as basic as reading a book. On a weekly or monthly basis, Ms. Romanelli would find it difficult to function in a work-like situation because of psychological conditions (on-going moderate depression).

While I agree that the ALJ did not expressly address the later portion of Dr. Higgins-Lee's letter, I find he nonetheless reasonably interpreted Dr. Higgins-Lee's overall opinion to be that Romanelli could work six hours a day, five days a week, at a low stress, sedentary level job. I further find the ALJ's reason for rejecting it to be clear and convincing- that Dr. Higgins-Lee was advocating for Romanelli to work less than full time in order to accommodate her heavy responsibilities at home, caring for her ailing husband.

The ALJ noted that Romanelli was first treated by Dr. Higgins-Lee on September 9, 2002, nine months after she filed for disability benefits, and more than four years after she initially alleged disability onset. The ALJ noted that the plan was for Romanelli to attend therapy with Dr. Higgins-Lee once or twice a month, but Romanelli would sometimes skip several months. Chart notes indicate that Romanelli came to therapy to "vent," reporting frustration with her workload at home, including having to wait "hand and foot" on her husband. However, by August, 2003, Romanelli reported doing better because she was busy selling her house and because her husband was not as ill as he had been.

As the ALJ correctly stated, the regulations do not allow for disability benefits in order to accommodate home responsibilities. Thus, the ALJ's rejection of a medical opinion that appeared to do so was reasonable.

## III. The ALJ properly evaluated lay witness testimony in the record at the time of his decision.

Romanelli urges this court to review the lay witness testimony of her friend, Sally Millard, who submitted a written statement dated August 20, 2004, that Romanelli has good days and bad days. Romanelli argues that the ALJ erred by not addressing Ms. Millard's statement, even though she acknowledges that this statement was submitted after the ALJ issued his final decision. Thus, the ALJ had no duty to account for lay witness testimony that wasn't in the record at the time he rendered his decision. Cf. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

In her reply memorandum Romanelli urges this court to review the Appeals Council's decision denying her request for review. Although the regulations state "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review," 20 C.F.R. § 404.972, Romanelli contends its decision is reviewable under Harman v. Apfel, 211 F.3d 1172 (9th Cir. 2000). I disagree. Not only does Romanelli incorrectly cite to Harman, she misconceives of the rule it adopted from Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993). In Ramirez, the court reviewed new evidence submitted to the Appeals Council after the ALJ's written decision because in denying review the Appeals Council considered the merits of plaintiff's claim, examining the entire record, including the new evidence. Id. at 1452. By contrast, in the instant case, the Appeals Council considered Ms. Millard's statement, and two other pieces of new evidence, and "found that this information [did] not provide a basis for changing the [ALJ's] decision." There is no indication that the Appeals Council considered the entire record, or the merits of Romanelli's disability claim.

However, even if Ms. Millard's report were part of the record under review, it would not provide an acceptable basis for remand. To be entitled to a remand for benefits on the basis of

this new evidence, a claimant must show a reasonable possibility that the new evidence would change the outcome of the ALJ's determination. See Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). A lay witness observation that Romanelli sometimes has days where she cannot get out of bed or off the couch does not have a reasonable probability of changing the ALJ's finding, which was based on acceptable medical and vocational evidence, that Romanelli remains capable of performing a significant number of jobs in the national economy.

## CONCLUSION

Based on the foregoing, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this _2_ day of _December____, 2005.

__/s/ Malcolm F. Marsh______
Malcolm F. Marsh
United States District Judge